UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Redacted Version

In the Matter of the
Arbitration Between

GLOBAL Reinsurance Corporation
- U.S. Branch,

        Petitioner,

- against -

Argonaut Insurance Company,

        Respondent



Docket No.: 07 CIV 8350

VERIFIED PETITION TO CONFIRM
ARBITRAL AWARD

    Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global"), by and through its attorneys, Budd Larner, P. C., alleges as follows:

### Nature of the Petition

    1.  This is a Petition pursuant to 9 U.S.C. §§9 and 201-203 to confirm a reinsurance arbitration award issued on 23 May 2007 (the "May 23, 2007 Award") between the parties entitled In the Matter of the Arbitration between GLOBAL Reinsurance Corp. -U.S. Branch, f/k/a Gerling Global Reinsurance Corp. - U.S. Branch, Petitioner, against Argonaut Insurance Company, Respondent. As the parties have recently had several arbitrations, the parties have

commonly referred to this arbitration as the "USB – Hartford/First State" arbitration.

### The Parties, Jurisdiction and Venue

2. Global is a branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. It is authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

3. Upon information and belief, Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

4. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut. Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States. The foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 et seq.

5. In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to the USB-Hartford/First State arbitration is between a citizen of a certain state, Argonaut, as a citizen of Illinois, and Global, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204, because the contracts between Global and Argonaut provide for the arbitration to take place in New York, New York, and although the parties mutually agreed to re-locate the arbitration to New Jersey, a substantial part of the events giving rise to the claim occurred in this district. Additionally, venue is proper under 28 U.S.C. §1391 (c) as Argonaut is subject to service of process in this district.

## Factual Background

A.  The Retrocessional Contracts and Arbitration Clauses

7. Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer.

3

8.  A retrocessional contract is reinsurance that reinsurers a reinsurer. The reinsurer in this context is sometimes referred to as the "retrocessionaire."

9.  Global and Respondent Argonaut Insurance Company ("Argonaut") are parties to certain retrocessional reinsurance contracts (the "Contracts") under which Argonaut reinsures Global. A copy of the Excess of Loss Reinsurance Contract, effective from January 1, 1972 through December 31, 1975 is attached to the Declaration of Ivan V. Miletic dated September 25, 2007 ("Miletic Decl.") as Exhibit A; a copy of the First Excess of Loss Facultative Casualty Contract, effective January 1, 1966 through December 31, 1975 is attached to the Miletic Decl. as Exhibit B; a copy of the Fourth Casualty Excess of Loss Contract, effective January 1, 1971 through December 31, 1975 is attached to the Miletic Decl. as Exhibit C; a copy of the Quota Share Retrocessions Agreement, effective July 26, 1963 through December 31, 1965 is attached to the Miletic Decl. as Exhibit D; a copy of the First Surplus Facultative Casualty Retrocessions Contract, effective July 1, 1973 through December 31, 1975 is attached to the Miletic Decl. as Exhibit E; a copy of the Clash Treaty No. 4777, effective January 1, 1973 through December 31, 1975

4

is attached to the Miletic Decl. as Exhibit F; and a copy of the Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975 is attached to the Miletic Decl. as Exhibit G.

10. The Contracts, although having slight variances of language, contain an arbitration clause that provides in part that:

> A. Any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Reinsurance Agreement or any part thereof, whether arising before or after termination of the Reinsurance Agreement shall be referred to a Board of Arbitration consisting of two (2) arbitrators and an umpire, who shall be active or retired officers of Insurance or Reinsurance Companies. The seat of the Board of Arbitration shall be in New York unless the disputants agree otherwise."

Miletic Decl., Exhibit A at Article IX; Exhibit B at Article XV; Exhibit C at Article XIV; Exhibit D at Article IX; Exhibit E at Article XIII; Exhibit F at Article XV; and Exhibit G at Article XV.

11. Under the Contracts, all disputes are required to be resolved by arbitration before a three-member Board of Arbitration (also referred to herein as the "Panel"), with each party designating an arbitrator and the two arbitrators selecting an umpire. Miletic Decl., Exhibit A at Article IX; Exhibit B at Article XV; Exhibit C at

Article XIV; Exhibit D at Article IX; Exhibit E at Article XIII; Exhibit F at Article XV; and Exhibit G at Article XV.

12. The Contracts, although having slight variances of language, all provide that the agreements are honorable engagements:

> The Board [of arbitrators] shall interpret this Reinsurance Agreement as an honorable engagement rather than as a merely technical legal obligation and shall make its award with a view to effecting the general purpose of this Reinsurance Agreement ....

See Exhibit A at Art. IX(D). See also Exhibit B at Art. XIV(d); Exhibit C at Art. XIV(d); Exhibit D at Art. IX; Exhibit E at Art. XIII, Exhibit F at Art. XIV(d); Exhibit G at Art. XIV(d).

13. The Contracts further emphasize the parties' intent to have the Panel interpret the agreements as an "honorable undertaking" by including an explicit, broad, and unconditional follow the fortunes clause:

> HONORABLE UNDERTAKING
>
> This Agreement shall be construed as an honorable undertaking between the parties hereto not to be defeated by technical legal construction, it being the intention of this Agreement that the fortunes of the Reinsurer [Argonaut] shall *follow the fortunes* of the Company [Global].

(Emphasis added). See, e.g., Exhibit B at Art. XV; Exhibit C at Art. XV; Exhibit F at Art. XVI; Exhibit G at Art. XVI.

B.  <u>The May 23, 2007 USB-Hartford/First State Award</u>

14. By letter dated October 20, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to U.S. Branch's claim for payment of outstanding retrocessional balances owed to it by Argonaut in connection with U.S. Branch's commutation with its cedents, the Hartford and First State companies ("Hartford"). A copy of the arbitration demand is attached hereto as Exhibit H.

15. The arbitration proceeded before a three-member panel (the USB-Hartford/First State Panel) comprised of Paul C. Thomson, III and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and James J. Phair, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. A copy of the Confidentiality Agreement is attached to the Miletic Declaration as Exhibit I.

16. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from April 16, 2007 to April 20, 2007.

17. The Panel issued its Award on May 23, 2007,

**REDACTED**

**REDACTED**

**REDACTED**

A copy of the Award is attached to the Miletic Declaration as Exhibit J, and is incorporated herein by reference.

18. Following the Award,

**REDACTED**

This supplemental order was made part of the Panel's May 23, 2007 Final Award. <u>See</u> Exh. K to the Miletic Decl., Supplemental Order Setting Forth the Dispute Resolution Mechanism and Protocol.

### Count I

20. Global incorporates each of the allegations contained in paragraphs 1 through 18 of this Petition.

21. No motion has been made to vacate, modify, or correct the May 23, 2007 Award or the Supplemental Order dated June 27, 2007.

22. Global is entitled to confirmation of the May 23, 2007 Award, including the Supplemental Order of June 27, 2007 which was incorporated into the Final Award, pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and 9 U.S.C. §§201 *et seq.*

WHEREFORE, Global requests that the Petition be granted in all respects, and that the Court issue a judgment confirming the Award and granting Global such other and further relief as is just and proper.

Dated:   Short Hills, New Jersey
         September 25, 2007

                        BUDD LARNER, P.C.
                        150 John F. Kennedy Parkway
                        Short Hills, New Jersey 07078
                        (973) 379-4800
                        Attorneys Petitioner
                        GLOBAL Reinsurance Corporation-U.S. Branch

BY: _____
     Joseph J. Schiavone (JS 7303)
     Jeffrey S. Leonard (JL 5931)
     Ivan V. Miletic (IM 9922)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration : Docket No. _____
Between:                         :
                                 :
GLOBAL Reinsurance Corporation   :
- U.S. Branch,                   :
                                 :
    Petitioner/Respondent      :
                                 :
                                 :
- against -                      :
                                 :
Argonaut Insurance Company       :
                                 :
    Respondent                 :
                                 :

---

NOTICE OF PETITION TO CONFIRM ARBITRATION AWARD

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for Petitioner GLOBAL Reinsurance Corporation
- U.S. Branch