UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration Between:

GLOBAL REINSURANCE CORPORATION - U.S. BRANCH,

                    Petitioner,

         -against-

ARGONAUT INSURANCE COMPANY,

                    Respondent.

Docket No. _____

**DECLARATION OF IVAN V. MILETIC**

---

    I, Ivan V. Miletic, declare the following to be true under penalty of perjury and pursuant to 28 U.S.C. § 1746:

    1.  I am an attorney admitted to practice before this Court. I am an associate with the law firm of Budd Larner, P.C., attorneys for Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global"). I submit this Declaration to set before the Court certain facts and true copies of certain documents in support of Global's Petition to Confirm the Final Award in an arbitration between the parties and in support of Global's Motion to Seal the file in this matter.

    2.  Global and Respondent Argonaut Insurance Company ("Argonaut") are parties to certain retrocessional reinsurance contracts (the "Contracts") under which

Argonaut reinsures Global. A copy of the Excess of Loss Reinsurance Contract, effective from January 1, 1972 through December 31, 1975 is attached hereto as Exhibit A; a copy of the First Excess of Loss Facultative Casualty Contract, effective January 1, 1966 through December 31, 1975 is attached hereto as Exhibit B; a copy of the Fourth Casualty Excess of Loss Contract, effective January 1, 1971 through December 31, 1975 is attached hereto as Exhibit C; a copy of the Quota Share Retrocessions Agreement, effective July 26, 1963 through December 31, 1965 is attached hereto as Exhibit D; a copy of the First Surplus Facultative Casualty Retrocessions Contract, effective July 1, 1973 through December 31, 1975 is attached hereto as Exhibit E; a copy of the Clash Treaty No. 4777, effective January 1, 1973 through December 31, 1975 is attached hereto as Exhibit F; and a copy of the Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975 is attached hereto as Exhibit G.

3. By letter dated October 20, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to U.S. Branch's claim for payment of outstanding retrocessional balances owed to it by Argonaut in

connection with U.S. Branch's commutation with its cedents, the Hartford and First State companies ("Hartford"). A copy of the arbitration demand is attached hereto as Exhibit H.

4. The arbitration proceeded before a three-member panel (the USB-Hartford/First State Panel) comprised of Paul C. Thomson, III and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and James J. Phair, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. A copy of the Confidentiality Agreement is attached hereto as Exhibit I.

5. Following discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing, from April 16, 2007 to April 20, 2007. A copy of the Final Award issued by the Panel on May 23, 2007 is attached as Exhibit J.

6. Following the Award, the time established in the Final Award for the parties to reach agreement on a dispute resolution mechanism and protocol to resolve any dispute(s) that may arise out of the application of the Final Award having passed, and with no agreement having been reached between the parties, the Panel, as provided for in the

Final Award, adopted a dispute resolution mechanism on June 27, 2007. This supplemental order was made part of the Panel's May 23, 2007 Final Award. A copy of the Supplemental Order Setting Forth the Dispute Resolution Mechanism and Protocol is attached as Exhibit K.

7. Documents to be filed by Global and Argonaut in this proceeding contain confidential and proprietary business information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires.

8. Documents to be filed will also contain confidential information concerning commutations and settlements that Global entered into with several of its reinsureds.

9. Global is currently engaged in commutation and settlement negotiations with other reinsureds. The release of confidential and proprietary business information about commutations and settlements that Global has already concluded with certain of its reinsureds would compromise those negotiations.

10. Global will be injured if other reinsureds or retrocessionaires have access to the confidential business information contained in the court file.

11. The public has no legitimate interest in these documents.

12. There is no less restrictive alternative that would be effective in preventing financial harm to Global.

13. No prior application for the relief requested herein has been made.

14. Because this motion to seal discloses information and documents relating to the underlying arbitration, and contains information the disclosure of which would be harmful to Constitution, this motion is not being filed electronically and should itself be filed under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 25, 2007.

_____
IVAN V. MILETIC (IM 9922)