# EXHIBIT I

In the Matter of the Arbitration Between      :

GLOBAL REINSURANCE CORP. -      : James J. Phair, Umpire
U.S. BRANCH f/k/a GERLING      : Richard L. White, Arbitrator
GLOBAL REINSURANCE CORP -      : Paul C. Thomson, III, Arbitrator
U.S. BRANCH,      :
      :
                         Petitioner,      :
      :
      - and -      :
      :
ARGONAUT INSURANCE COMPANY,      :
      :
                         Respondent.      :

CONFIDENTIALITY AGREEMENT

1.      The parties intending to be bound by this agreement are:

        a. GLOBAL REINSURANCE CORP - U.S. BRANCH, f/k/a GERLING GLOBAL
        REINSURANCE CORP. - U.S. BRANCH ("GLOBAL"), and its parent corporation,
        subsidiaries, affiliates, agents, employees, officers and directors.

        b. ARGONAUT INSURANCE COMPANY ("ARGONAUT") and its parent corporation,
        subsidiaries, affiliates, agents, employees, officers and directors.

2.      Except as provided in Paragraph 3 below, and absent written agreement between the
parties to the contrary, GLOBAL and ARGONAUT agree that all briefs, depositions and hearing
transcripts generated in the course of this arbitration, documents created for the arbitration or
produced in the proceedings by the opposing party or third-parties, final award and any interim
decisions, correspondence, oral discussions and information exchanged in connection with the
proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept
confidential.  This Confidentiality Agreement will remain in effect even after conclusion of the
arbitration proceedings.

3.      Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain
compliance with any interim decisions or the final award herein, or to secure payment from
retrocessionaires; (b) in connection with court proceedings relating to any aspect of the
arbitration, including but not limited to motions to confirm, modify or vacate an arbitration
award; (c) as is necessary in communications with auditors retained by any party, or federal or
state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of
any court; and (e) to the extent Arbitration Information is already lawfully in the public domain.
Any disclosures pursuant to subparagraphs (a) or (c) shall be accompanied by a copy of this

Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other(s) as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4.    For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

    a.   the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;

    b.   counsel for a party or employees of counsel's law firm who are assisting counsel;

    c.   employees and agents of the parties for purposes consistent with this agreement;

    d.   an y party's deposition or trial witness;

    e.   any person retained by counsel for a party to assist in this arbitration; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A; or

    f.   any non-party deposition or trial witness; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A.

5.    If a party is requested or required to disclose Arbitration Information, subject to applicable legal restrictions, that Party will: 1) notify the other party(ies) in writing as soon as possible after the subpoena, request or court order is received, to permit the other party(ies) to seek legal protection against any such disclosure; and 2) tender the defense of that demand to the party that produced the Arbitration Information, or permit that party to associate in the defense of that demand. Unless the demand has been timely limited, quashed or extended, the obligated party will thereafter be entitled to comply with such demand, request or court order to the extent required by law. If requested by any other party(ies), the obligated party will cooperate (at the expense of the requesting other party(ies)) in the defense of a demand.

6.    The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another

2

party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.


Members of the Panel:

Arbitrator: _____

Arbitrator: _____

Umpire: _____


AGREED:

Arbitrator: _____

Arbitrator: _____

Umpire: _____

AGREED _____ for _____ Petitioner

_____ for _____ Respondent

Dated: _____

EXHIBIT A

| | |
|---|---|
| In the Matter of the Arbitration Between | : |
| | : |
| GLOBAL REINSURANCE CORP. - | : James J. Phair, Umpire |
| U.S. BRANCH f/k/a GERLING | : Richard L. White, Arbitrator |
| GLOBAL REINSURANCE CORP - | : Paul C. Thomson, III, Arbitrator |
| U.S. BRANCH, | : |
| | : |
| Petitioner, | : |
| | : |
| - and - | : |
| | : |
| ARGONAUT INSURANCE COMPANY, | : |
| | : |
| Respondent. | : |
| | : |

AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____

_____

2. I am employed as (position) by (name and address of employer),

_____

3. I am aware that the parties to In the Matter of the Arbitration Between GLOBAL REINSURANCE CORP - U.S. BRANCH, f/k/a GERLING GLOBAL REINSURANCE CORP. - U.S. BRANCH ("GLOBAL"), ARGONAUT INSURANCE COMPANY ("ARGONAUT") have entered into a Confidentiality Agreement dated _____. I have received and read a copy of that Confidentiality Agreement.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____ only under supervision of a party's counsel and only in connection with this particular arbitration.

5. I agree that I am bound by the terms of the Confidentiality Agreement as though I were a party to the arbitration, and I will not disclose or discuss material produced by _____

4

or _____

to or with any person other than those permitted access to such material under the Confidentiality
Agreement.

(Signature)_____


Sworn to before me this
_____ day of _____, 20___.



_____
Notary Public (SEAL)


596580.W

5