UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
In the Matter of the Arbitration     :  Docket No. ____
Between:                             :
                                     :  07 CIV 8350
GLOBAL REINSURANCE CORPORATION - U.S.:
BRANCH,                              :
                                     :
                         Petitioner, :
                                     :
              -against-              :
                                     :
ARGONAUT INSURANCE COMPANY,          :
                                     :
                         Respondent. :
------------------------------------ :

Redacted Version

---

**Brief in Support of Petition to Confirm Arbitration Award
and in Support of Motion to Seal the Record**

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
CN 1000
Short Hills, NJ  07078-0999
(973) 379-4800
Attorneys for Petitioner,
GLOBAL Reinsurance Corporation -
U.S. Branch

On the Brief:

Joseph J. Schiavone
Jeffrey S. Leonard
Ivan V. Miletic

653438w

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| The Parties, Jurisdiction and Venue | 2 |
| Factual Background | 4 |
|     A. The Retrocessional Contracts and Arbitration Clauses | 4 |
|     B. The May 23, 2007 XOL Award | 7 |
| ARGUMENT | 11 |
|     POINT I | 11 |
|     THE FINAL AWARD SHOULD BE CONFIRMED | 11 |
|     POINT II | 11 |
|     THE RECORD IN THIS PROCEEDING SHOULD BE SEALED | 11 |
|     A. The Parties and Arbitration Panel Relied on the Confidential Nature Of Arbitration Information | 11 |
|     B. The Public Has No Interest in These Proceedings, and Global Would Be Harmed by Disclosure of Arbitration Information | 13 |
|     C. The Panel and Parties; Decision to Agree that the Arbitration Be Confidential Should be Implemented by the Court | 14 |
| CONCLUSION | 15 |

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

**9**

<u>Dirussa v. Dean Witter Reynolds Inc.</u>, 121 F. 2d 818 (2d Cir. 1997)...................................................15
<u>Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 389 (2d Cir., 2003)..................14
<u>Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.</u>, 2005 WL 1522783 (E.D.N.Y. 2005).............13, 16
<u>Gambale v. Deutsche Bank AG</u> 377 F.3d 133, 143 (2d Cir. 2004).................................................14

**10**

28 U.S.C. §1331 ......................................................3
28 U.S.C. §1391 (b)(2) ...............................................4
28 U.S.C. §1391 (c) ..................................................4
9 U.S.C. §204 .......................................................4
9 U.S.C. §9 ........................................................11
New York Convention of the Federal Arbitration Act, 9 U.S.C §201-203..........................................1, 3

## PRELIMINARY STATEMENT

This is a petition pursuant to the New York Convention of the Federal Arbitration Act, 9 U.S.C §201-203 to confirm a reinsurance arbitration award issued on 23 May 2007 (the "May 23, 2007 Award") between the Petitioner GLOBAL Reinsurance Corporation - U.S. Branch ("Global") and Respondent Argonaut Insurance Company ("Argonaut") and as supplemented by the Panel's June 27, 2007 Order. As the parties have recently had several arbitrations, the parties have commonly referred to this arbitration as the "USB-Hartford/First State" arbitration.

Global as a branch office of a foreign reinsurer and Argonaut, as its retrocessionaire, are parties to various retrocessional reinsurance contracts under which Argonaut reinsures Global. The contracts contain a broad arbitration clause. Global commenced an arbitration to recover amounts due under the contracts. The arbitration related, in part, to losses arising from claims stemming from a commutation between the Hartford Group Company ("Hartford") cedents and Global.

Following lengthy discovery and a five-day hearing, the duly constituted arbitration panel issued theMay 23, 2007 Award, which it later supplemented on June 27, 2007 and incorporated into the May 23, 2007 Award. No motion to

vacate or modify the Final Award has been served, and Global is entitled to a judgment confirming the May 23, 2007 Award, as supplemented under the New York Convention.

Global is also seeking to file its Petition and all other papers in this matter under seal. Good cause to seal the record exists for two reasons. First, the underlying reinsurance arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. <u>See</u> Declaration of Ivan V. Miletic dated September 25, 2007 ("Miletic Decl."), Exhibit I at ¶2. That Agreement provides that all arbitration information is to be kept confidential, and requires that, subject to court approval, any disclosures of such information or documents to a court be sealed. <u>Id.</u> at ¶3. Indeed, the parties are obligated to cooperate in resisting disclosure of arbitration-related materials.

Second, the public has no legitimate or real interest in the confidential arbitration documents and, as shown below, Global would be harmed if the arbitration documents and information were to be disclosed.

<u>The Parties, Jurisdiction and Venue</u>

Global is a U.S. branch of a foreign reinsurance company organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. It is authorized to write certain insurance and reinsurance in New York, and it maintains a place of business in New York, New York.

Upon information and belief, Argonaut is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 9 U.S.C. §201-203. The arbitration agreements at issue are contained in retrocessional reinsurance contracts between Global and Argonaut. Those contracts constitute commercial agreements between a citizen of a foreign country and a citizen of the United States. The foreign country, Germany, and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq*.

In addition, the Court has subject matter jurisdiction over this matter based on alienage pursuant to 28 U.S.C. §1332. This proceeding ancillary to this arbitration is between a citizen of a certain state, Argonaut, as a

3

citizen of Illinois, and Global, a foreign corporation, and the amount in controversy in this action exceeds the sum of $75,000.

Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(2) and 9 U.S.C. §204, because the contracts between Global and Argonaut provide for the arbitration to take place in New York, New York, and although the parties mutually agreed to re-locate the arbitration to New Jersey, a substantial part of the events giving rise to the claim occurred in this district. Additionally, venue is proper under 28 U.S.C. §1391 (c) as Argonaut is subject to service of process in this district.

## Factual Background

### A. The Retrocessional Contracts and Arbitration Clauses

Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer. A retrocessional contract is reinsurance that reinsures a reinsurer. The reinsurer in this context is sometimes referred to as the "retrocessionaire."

Global and Argonaut are parties to certain retrocessional reinsurance contracts (the "Contracts")

4

under which Argonaut reinsures Global. A copy of the Excess of Loss Reinsurance Contract, effective from January 1, 1972 through December 31, 1975 is attached to Miletic Decl. as Exhibit A; a copy of the First Excess of Loss Facultative Casualty Contract, effective January 1, 1966 through December 31, 1975 is attached to the Miletic Decl. as Exhibit B; a copy of the Fourth Casualty Excess of Loss Contract, effective January 1, 1971 through December 31, 1975 is attached to the Miletic Decl. as Exhibit C; a copy of the Quota Share Retrocessions Agreement, effective July 26, 1963 through December 31, 1965 is attached to the Miletic Decl. as Exhibit D; a copy of the First Surplus Facultative Casualty Retrocessions Contract, effective July 1, 1973 through December 31, 1975 is attached to the Miletic Decl. as Exhibit E; a copy of the Clash Treaty No. 4777, effective January 1, 1973 through December 31, 1975 is attached to the Miletic Decl. as Exhibit F; and a copy of the Clash Treaty No. 4753, effective October 1, 1970 through December 31, 1975 is attached to the Miletic Decl. as Exhibit G.

The Contracts, although having slight variances of language, contain an arbitration clause that provides in part that:

> A. Any dispute or difference hereafter arising with reference to the interpretation, application or effect of this Reinsurance Agreement or any part thereof, whether arising before or after termination of the Reinsurance Agreement shall be referred to a Board of Arbitration consisting of two (2) arbitrators and an umpire, who shall be active or retired officers of Insurance or Reinsurance Companies. The seat of the Board of Arbitration shall be in New York unless the disputants agree otherwise."

Miletic Decl., Exhibit A at Article IX; Exhibit B at Article XV; Exhibit C at Article XIV; Exhibit D at Article IX; Exhibit E at Article XIII; Exhibit F at Article XV; and Exhibit G at Article XV. Under the Contracts, all disputes are required to be resolved by arbitration before a three-member Board of Arbitration (also referred to herein as the "Panel"), with each party designating an arbitrator and the two arbitrators selecting an umpire. Miletic Decl., Exhibit A at Article IX; Exhibit B at Article XV; Exhibit C at Article XIV; Exhibit D at Article IX; Exhibit E at Article XIII; Exhibit F at Article XV; and Exhibit G at Article XV.

The Contracts, although having slight variances of language, all provide that the agreements are honorable engagements:

> The Board [of arbitrators] shall interpret this Reinsurance Agreement as an honorable engagement rather than as a merely technical legal

6

> obligation and shall make its award with a view to effecting the general purpose of this Reinsurance Agreement ....

See Exhibit A at Art. IX(D). See also Exhibit B at Art. XIV(d); Exhibit C at Art. XIV(d); Exhibit D at Art. IX; Exhibit E at Art. XIII, Exhibit F at Art. XIV(d); Exhibit G at Art. XIV(d).

The Contracts further emphasize the parties' intent to have the Panel interpret the agreements as an "honorable undertaking" by including an explicit, broad, and unconditional follow the fortunes clause:

HONORABLE UNDERTAKING

> This Agreement shall be construed as an honorable undertaking between the parties hereto not to be defeated by technical legal construction, it being the intention of this Agreement that the fortunes of the Reinsurer [Argonaut] shall *follow the fortunes* of the Company [Global].

(Emphasis added). See, e.g., Exhibit B at Art. XV; Exhibit C at Art. XV; Exhibit F at Art. XVI; Exhibit G at Art. XVI.

B.  The May 23, 2007 Award

By letter dated October 20, 2005, Global demanded arbitration against Argonaut of "all disputed issues relating to U.S. Branch's claim for payment of outstanding retrocessional balances owed to it by Argonaut in connection with U.S. Branch's commutation with its cedents, the Hartford and First State companies ("Hartford"). A copy of the arbitration demand is attached hereto as Exhibit H.

The arbitration proceeded before a three-member panel (the USB-Hartford/First State Panel) comprised of Paul C. Thomson, III and Richard L. White, as the party-appointed arbitrators for Argonaut and Global, respectively, and James J. Phair, as the Umpire. The arbitration was conducted pursuant to a Confidentiality Agreement, which remains in effect. A copy of the Confidentiality Agreement is attached to the Miletic Declaration as Exhibit I. Following lengthy discovery, the parties submitted pre-hearing briefs and attended a five-day arbitration hearing from April 16, 2007 to April 20, 2007.

The Panel issued its Award on May 23, 2007,

# REDACTED

**REDACTED**

**REDACTED**

A copy of the Award is attached to the Miletic Decl. as Exhibit J, and is incorporated herein by reference.

Following the Award,

**REDACTED**

This Supplemental Order was made part of the Panel's May 23, 2007 Final Award. See Exh. K to the Miletic Decl., Supplemental Order Setting Forth the Dispute Resolution Mechanism and Protocol.

ARGUMENT

POINT I

THE FINAL AWARD
SHOULD BE CONFIRMED

Pursuant to 9 U.S.C. §9, the court "must grant" an order confirming an arbitration award unless the award is vacated, modified or corrected. 9 U.S.C §9. No grounds exist to disturb the USB-Hartford/First State Panel's Award of May 23, 2007, as supplemented by the Order of June 27, 2007. As such, the court should grant an order confirming the USB-Hartford/First State Panel's May 23, 2007 Award, as

supplemented by the June 27, 2007 Order which was incorporated by the Panel into the May 23, 2007 Award.

## POINT II

### THE RECORD IN THIS PROCEEDING SHOULD BE SEALED

A. The Parties and Arbitration Panel Relied on the Confidential Nature of Arbitration Information

Reinsurance arbitrations generally are conducted on a confidential basis; this is one of the reasons why most reinsurance contracts contain arbitration clauses and why most reinsurance disputes are resolved in arbitration rather than through the courts.

The USB-Hartford/First State Panel here recognized these realities when it entered into a strict Confidentiality Agreement governing this matter. In that Agreement, the Panel and the Parties not only required that information and documents relating to the arbitration remain confidential, but it expressly found that "serious injury" could result from any breach of confidentiality and provided a remedy for such a breach:

> The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

Miletic Decl., Exh. I at ¶6.

The Confidentiality Agreement obligates the parties to maintain the confidentiality of arbitration-related information and documents, and requires that, subject to court approval, any such documents or information disclosed to a court be sealed. Further, the parties are directed by the Agreement to "cooperate with each other in resisting or limiting disclosure" of arbitration-related materials. <u>Id.</u> at ¶5. For this reason, Argonaut could not oppose this motion to seal; indeed, Argonaut is obligated by the Agreement to cooperate in obtaining a sealing order.

Courts in this Circuit generally uphold and apply parties' confidentiality agreements in the arbitration context, recognizing that the maintenance of confidentiality advances the important public policy interest in encouraging alternative dispute resolution. "There are important policy interest [sic] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution." <u>Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.</u>, 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005). The Second Circuit has further explained that "honoring the parties' express wish for confidentiality may

13

facilitate settlement, which courts are bound to encourage." Gambale v. Deutsche Bank AG 377 F.3d 133, 143 (2d Cir. 2004). These principles apply with even greater force where, as here, the requirement of confidentiality was imposed by an arbitration panel because of the deference that a court must afford to the arbitrators' rulings. See Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003) (to interfere with arbitration process "would frustrate the intent of the parties, and thwart the usefulness of arbitration.")

    B.    The Public Has No Interest in These Proceedings, and Global Would Be Harmed by Disclosure of Arbitration Information

The documents that will be filed in this action contain confidential and proprietary information concerning agreements between a reinsurer and its reinsureds and between a reinsurer and its retrocessionaires. The public has no legitimate interest in these documents.

Further, Global will be injured if other reinsureds or retrocessionaires have access to the confidential business information contained in the documents. For example, these documents include confidential information concerning a commutation and settlements that Constitution entered into with several of its reinsureds. Because Global is engaged

14

in commutation and settlement negotiations with other reinsureds, the release of any of these documents would compromise those negotiations, causing injury to Constitution and its retrocessionaires.

### C. The Panel and Parties' Decision to Agree that the Arbitration Be Confidential Should Be Implemented by the Court

The Court should order the sealing of all pleadings and papers in this action. This is consistent with the Agreement entered into by the Parties and the USB-Hartford/First State Panel. Miletic Decl., Exhibit I.

In <u>Dirussa v. Dean Witter Reynolds Inc.</u>, 121 F. 2d 818 (2d Cir. 1997), the Second Circuit affirmed an order sealing the entire court file, except for the Court's opinions and orders. In that case, the parties had entered into a confidentiality agreement in the course of an arbitration. The agreement required all papers in any subsequent action to be filed under seal. <u>Id.</u> at 826. Here, too, the Confidentiality Agreement entered by the Arbitration Panel and Parties requires that "subject to court approval,... all submissions of Arbitration Information to a court shall be sealed." Miletic Decl., Exh. I at ¶3. In light of the strong public policy in favor of preserving the confidentiality of arbitration

15

proceedings, the Court should seal the entire file in this action.

## CONCLUSION

For the foregoing reasons, Global requests that the Petition be granted in all respects, and that the Court seal the record pertaining to this petition, and issue a judgment confirming the May 23, 2007 Award, as supplemented by the Panel in its June 27, 2007 Order and granting Global such other and further relief as is just and proper.

Dated:   Short Hills, New Jersey
         September 25, 2007

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys Petitioner GLOBAL Reinsurance Corporation
- U.S. Branch

By: _____
Joseph J. Schiavone (JS 7303)
Jeffrey S. Leonard (JL 5931)
Ivan V. Miletic (IM 9922)