UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between | Docket No. 07 CV 8350 |
| GLOBAL REINSURANCE CORPORATION – U.S. BRANCH,<br><br>Petitioner,<br><br>v.<br><br>ARGONAUT INSURANCE COMPANY,<br><br>Respondent | <u>ANSWER OF RESPONDENT ARGONAUT INSURANCE COMPANY TO GLOBAL REINSURANCE CORPORATION'S VERIFIED PETITION TO CONFIRM ARBITATION AWARD</u><br><br>**FILED UNDER SEAL** |

Respondent Argonaut Insurance Company, ("Argonaut"), by its attorneys, Halloran & Sage LLP, answers the Verified Petition to Confirm Arbitration Award ("Petition") as follows:

## <u>ANSWER</u>

1. Paragraph 1 of the Petition consists of a characterization of the Petition and a legal conclusion to which no response is required.

2. Argonaut is without sufficient information to admit or deny the allegations contained in paragraph 2.

3. Admitted.

4. Paragraph 4 of the Petition is a legal conclusion to which no response is required.

5. Paragraph 5 of the Petition is a legal conclusion to which no response is required; to the extent a response is required Argonaut admits that the amount at issue in the USB-Hartford/First State arbitration exceeded $75,000.

6. Paragraph 6 of the Petition is a legal conclusion to which no response is required; to the extent a response is required Argonaut admits that the parties mutually agreed to conduct the USB-Hartford/First State arbitration in New Jersey.

7. Paragraph 7 of the Petition is a characterization of the business of reinsurance to which no response is required. To the extent a response is required, the contracts speak for themselves.

8. Paragraph 8 of the Petition is a characterization of the business of reinsurance to which no response is required. To the extent a response is required, the contracts speak for themselves.

9. Argonaut admits that Global and Argonaut entered into several reinsurance contracts under which Argonaut, as retrocessionaire, provides certain reinsurance coverage to Global; those contracts speak for themselves. Argonaut admits that Exhibit A to the Declaration of Ivan Miletic ("Miletic Declaration") is a true and correct copy of the Excess of Loss Reinsurance Contract, effective from January 1, 1972 through December 31, 1975. Argonaut denies that Exhibit B to the Miletic Declaration is a true and correct copy of the First Excess of Loss Faculatative Casualty Contract, effective January 1, 1966 through December 31, 1975. A true and correct copy of that contract is attached to the Declaration of Dan E. LaBelle ("LaBelle Declaration," filed herewith) as Exhibit 1. Argonaut admits that Exhibit C to the Miletic Declaration is a true and correct copy of the Fourth Casualty Excess of Loss Contract, effective January 1, 1971 through December 31, 1975. Argonaut admits that Exhibit D to the Miletic Declaration is a true and correct copy of the Quota Share Retrocessional Agreement, effective July 26, 1963 through

December 31, 1965. Argonaut admits that Exhibit E to the Miletic Declaration is a true and correct copy of the First Surplus Facultative Casualty Retrocessional Contract, effective July 1, 1973 through December 31, 1975. Argonaut admits that Exhibit F to the Miletic Declaration is a true and correct copy of Clash Treaty No. 4777. Argonaut denies that Exhibit G to the Miletic Declaration is a true and correct copy of Clash Treaty No. 4753. A true and correct copy of that contract is attached to the LaBelle Declaration as Exhibit 2.

10. Argonaut admits that the quotation contained in paragraph 10 of the Petition or a substantially similar provision appears in contracts attached to the Miletic Declaration as Exhibits A, C, F, and G. Argonaut denies that the contracts attached to the Miletic Declaration as Exhibits B, D, and E contain an arbitration clause that is substantively the same as the clause quoted in paragraph 10 of the Petition. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits 1 and 2.

11. Argonaut admits that the portions of the contracts referenced in paragraph 11 of the Petition are correctly referenced; Argonaut further avers that the contracts speak for themselves. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits 1 and 2.

12. Argonaut admits that each of the Contracts provide that the agreements are honorable engagements or honorable agreements. Argonaut denies that the contracts so state at the clauses cited to by Global for Exhibits F and G to the Miletic Declaration. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits 1 and 2.

13. Argonaut avers that the contracts speak for themselves and denies that Global's characterization and paraphrasing of the contract is correct. Argonaut admits that a subset of the Contracts at issue in the arbitration contain the language quoted in this paragraph, but denies that Exhibit B, Art. XV contains quoted language. Per Argonaut's response to Paragraph 9 above, Argonaut denies that two of the contracts cited to in the Petition are true and correct copies of the contracts and refers to the copies of the contracts attached to the Declaration of Dan E. LaBelle (filed herewith) as Exhibits 1 and 2.

14. Argonaut admits that the copy of the letter referenced in paragraph 14 of the Petition is a true and correct copy of that letter, which speak for itself.

15. Admitted

16. Admitted.

17. Argument avers that the May 23, 2007 Award speaks for itself and denies that Global's characterization of the award is correct. Argonaut admits that the Panel issued its Award on May 23, 2007, and that the quotation contained in paragraph 17 of the Petition is an accurate quotation of portion of the Award. Argonaut

admits that the copy of the Award attached as Exhibit J to the Declaration of Ivan Miletic is a true and correct copy of that document.

18. Argonaut denies that Global has correctly characterized the post-award events and avers that the parties communications to the panel and the Panel Order of June 27, 2007 speak for themselves.

19. [There is no Paragraph 19 in the Petition.]

Count I

20. Argonaut incorporates its answers to paragraphs 1 through 18 of the Petition herein as if fully set forth.

21. Admitted.

22. Paragraph 22 of the Petition is a legal conclusion to which no response is required.

Dated: Westport, CT

      March 6, 2008

HALLORAN & SAGE LLP

By:___s/_____

Dan E. LaBelle, DL2779
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT  06880
(T)   (203) 227-2855
(F)   (203) 227-6992
e-mail:  labelle@halloran-sage.com
Counsel for Defendant Argonaut
    Insurance Company

*Of counsel:*
Theresa W. Hajost
Daniel A. Blumenthal
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(T)	(202) 496-9270
(F)	(202) 496-9279


1055861-1