**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                                           *
In the Matter of the Arbitration Between:   *
                                                           *
GLOBAL REINSURANCE CORPORATION -  * Docket No: 07 CIV 8196 (KPC)
U.S. BRANCH                                          *
                                                           *
    Petitioner,                                    *
                                                           *
and                                                     *
                                                           *
ARGONAUT INSURANCE COMPANY        *
                                                           *
    Respondent.                                 *
_____*

                                  and

_____
                                                           *
In the Matter of the Arbitration Between:   *
                                                           *
GLOBAL REINSURANCE CORPORATION -  * Docket No.: 07 CIV 8350 (KPC)
U.S. BRANCH                                          *
                                                           *
    Petitioner,                                    *
                                                           *
and                                                     *
                                                           *
ARGONAUT INSURANCE COMPANY        *
                                                           *
    Respondent.                                 *
_____*

**Argonaut Insurance Company's Reply Memorandum
In Further Support of its Motion for Reconsideration of the
Court's January 4, 2008 Order**

# TABLE OF CONTENTS

**Page**

I. Introduction…………………………………………………………………………...1

II. Reconsideration Is Appropriate In This Instance…………………………………..1

III. Global's Argument Regarding Supposed Harm Is Not In Any Way Connected
   To The Documents That Are At Issue Here……………………………….…...2

   A. The Court Should Sustain Its Rejection Of Global's Argument That
      Release Of The Text Of The Awards Could Harm Its Relationships To
      Its Cedents……………………………………………………………………2

   B. The Court Should Reject Global's New Argument That Release Of
      The Awards Would Harm Global's Relationships With Its
      Retrocessionaires……………………………………………….........3

IV. Global Argument That There Is Only Minimal Public Interest Is Misplaced…….5

V. Global's Willingness To Selectively Unseal Record Material Manipulates Public
   Perception Of The Awards……………………………………………………...6

VI. Global's Argument Regarding The Scope Of The Confidentiality Orders Is
    Misplaced……………………………………………………………………….…6

VII. Conclusion………………………………………………………………………..8

i

I.    **Introduction**

Global's Memorandum of Law in Opposition to Motion for Reconsideration (Global's "Opposition") sets forth two alleged harms that could befall Global if the awards are unsealed. Global's first argument is a reiteration of the argument the Court has already rejected as unrelated to the items that Global seeks to seal – namely that Global may be harmed in dealings with its cedents if certain types of documents and information becomes public. The Court has already determined that the awards do not contain the types of cedent information that Global identifies as potentially harmful if unsealed. (Order of January 4, 2008 at 4.) Global's new argument is a variation of its rejected argument – that the release of the text of these awards somehow will have a deleterious effect on the amount of claims information that Global will be provided by its cedents, consequently impairing its ability to present those claims to its retrocessionaires. (Opposition at 6.) This new argument not only has no evidentiary support in the record, but also should be rejected for the same reasons that the Court rejected that same argument vis-à-vis harm to Global's relationships with its cedents. There is no cedent claim information, data and/or documents in theses records. Global has made no evidentiary showing to support this alleged, speculative harm, and therefore there is no harm to outweigh the presumption of public access. Global's arguments that public interest is low – themselves unpersuasive – cannot tip the scales in a balancing test.

II.    **Reconsideration Is Appropriate In This Instance.**

Global notes that the standard for granting a motion to reconsider is high. However, the Court itself reserved the right to reconsider what it found to be a "close question." The Court has jurisdiction to reconsider such a decision, even *sua sponte* after

1

a case is resolved. *See, e.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ("A district court that concludes that there is a public right of access to judicial documents … acts within its jurisdiction when it modifies or vacates a protective order to allow that access, irrespective of whether it does so before or after a stipulation of dismissal has been filed.").[1]

### III. Global's Argument Regarding Supposed Harm Is Not In Any Way Connected To The Documents That Are At Issue Here.

#### A. The Court Should Sustain Its Rejection Of Global's Argument That Release Of The Text Of The Awards Could Harm Its Relationships To Its Cedents.

Global continues to advance the chimerical argument that its relationship to its cedents could be harmed by the release of certain types of information not at record here or revealed in the text of the awards. Global continues to argue that it would be harmed because "cedents would be reluctant to share confidential claim information, data and documents with Global if … the awards … were open to public access." (Global Opposition at 5-6.) Global does not and cannot connect the text of the awards, which contain not even a hint of "confidential claim information, data and documents" that a cedent might have provided to Global, to the vague potential harm that it alleges. Therefore, the portion of the record that Global seeks to maintain under seal has no relationship to the potential harm alleged. The Court already determined as much in its January 4, 2008 Order:

> GlobalRe has not made a strong showing of the relationship between [very confidential information about projections of past, current and future liabilities as well as privileged claim information exchanged between

---

[1] In *Gambale*, the Second Circuit held that the District Court did not exceed its jurisdiction by releasing documents and information following a settlement and stipulation of dismissal by the parties, including documents that were subject to a confidentiality agreement between the parties and details of the settlement agreement, which was also subject to a confidentiality agreement between the parties. *Id.* at 135-136.

parties to a retrocessional contract] and [GlobalRe's] proposed redaction to the awards. Order at 4.

Nevertheless, Global continues to argue that the records should be sealed because unsealing "would inhibit and harm Global's relationships with its own cedents." Global's Opposition at 5. Global's argument is no more persuasive now than it was when the Court rejected it the first time Global advanced it.

### B. The Court Should Reject Global's New Argument That Release Of The Awards Would Harm Global's Relationships With Its Retrocessionaires.

Global's new argument is based on the argument that the Court has already rejected. Global argues that release of the awards (which determine what is covered by the retrocessional contracts between Global and Argonaut) will somehow have an effect on Global's relationship with its cedents which will then affect its relationship with its retrocessionaires. As the Court noted in its Order, the relationship between an insured and its insurer is not affected by the presence or absence of reinsurance. (Order at 3.) So too, Global is in privity of contract with its cedents, whose rights under their contracts with Global are not affected by whether or not Global reinsured those contracts with retrocessionaires, such as Argonaut.

Global argues that the Court used the terms "cedent" and "reinsurer" interchangeably, and that the "Court's use of the term 'reinsurers' instead of 'cedents' and/or 'retrocessionaires' in the January 4, 2008 Order is inconsequential…." (Global Opposition at 6.) This distinction, far from being inconsequential, is key. The distinction is key because the Keogh Declarations do not provide any evidentiary support for any alleged harm that might occur to Global's relationships with its retrocessionaires. Global's argument is that unsealing the awards would have a deleterious effect on its

3

relationship with its retrocessionaires because release of the awards would make it less likely that it could obtain sufficient claims information from its cedents, thereby making it more difficult for Global to collect from its retrocessionaires. Not only has Global provided no evidentiary support for this new argument, which is complete devoid of citations to the records herein,[2] but this argument must also fail for the same reason Global's first argument failed – there is no nexus between the harms alleged and the text of the awards.

As Argonaut noted in the initial brief filed in support of its motion for reconsideration, there is nothing in Mr. Keogh's declarations that supports an argument of any clearly defined, specific and serious injury that could befall Global from the unsealing of the awards. The awards do not contain any of the cedent-related documents or information that Global alleges would harm Global if unsealed, nor do they even contain any derivative information from those documents. The awards relate to the billings from Global to Argonaut that were before the respective panels. Global's speculative arguments are based on information not in the records before this Court. Global is asking the Court to make a ruling based on "facts" that are not before it.

As there is no evidence of any potential harm – let alone any "clearly defined, specific and serious injury" – there is nothing for the Court to weigh in balancing injury against the public's access to judicial documents. *In Re Terrorist Attacks on September 11, 2001*, 454 F.Supp.2d 220, 222, citing *Shingara v. Skiles,* 420 F.3d 301, 306 (3d Cir. 2005) (S.D.N.Y. 2006) ("good cause [for a protective order] exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'")

---

[2] There is, of course, nothing in either record that supports Global's characterization of Argonaut as "recalcitrant."

4

## IV. Global's Argument That There Is Only Minimal Public Interest Is Misplaced.

Global's arguments regarding the level of public interest are misplaced and its analysis is flawed. Global's reliance on the fact that the "case does not involve a matter of public interest like safety, health or other consumer rights" is not persuasive. The public interest is presumed, and there does not have to be such a heightened interest in order for the public to have a right to judicial documents. *See, e.g., Liberty Mutual Ins. Co. v. Global Reinsurance Corp., U.S. Branch,* No. 05 Civ. 4996 (S.D.N.Y. May 25, 2005) (Order of May 25, 2005, declining to seal the record); *Global Reinsurance Corp., U.S. Branch v. Sompo Japan Ins., Inc.*, No. 05 Civ. 9689 (S.D.N.Y. Nov. 17, 2005) (Order of Dec. 29, 2005 granting motion to vacate the order sealing Global's petition); *Employers Commercial Union Ins. Co. of Am. v. Global Reinsurance Corp., U.S. Branch*, No. 05 Civ. 4203 (S.D.N.Y. April 28, 2005) (Order of April 28, 2005 unsealing petition to confirm and attached exhibits including the arbitration award); *Employers Surplus Lines Ins. Co. v. Global Reinsurance Corp., U.S. Branch*, No. 05 Civ. 0394 (S.D.N.Y. Feb, 15, 2005) (Order of March 10, 2005 vacating sealing order).

As noted in the article cited in both Argonaut's and Global's pleadings, "[n]one of [the exceptions to the general rule favoring public access] apply to litigated reinsurance disputes, or to proceedings to confirm, modify, or vacate an award. In a litigation, reinsurance documents have no greater protection than any other materials produced during a civil action." James Veach, *Confirming Confidential Awards in "Open Court,"* 10-16 Mealey's Litig. Rep. Reinsurance 7 (1999), *citing Aetna Casualty and Surety Co. v. Certain Underwriters at Lloyd's London*, 676 N.Y.S. 2d 734 (N.Y. Sup. Ct., 1998). (A copy of this article is attached at Tab A for the Court's convenience.) Global's

5

discussion of whether the reinsurance community favors confidentiality in arbitrations is not relevant; when reinsurance disputes come before this Court, the law of the Second Circuit applies.

Even if the Court were to accept Global's arguments that the public interest would be relatively low, Global still has to show the specific potential harm necessary to outweigh the presumption of public access. Global has failed to do so.

### V.     Global's Willingness To Selectively Unseal Record Material Manipulates Public Perception Of The Awards.

Global also fails to reconcile the inconsistent positions it took with regard to seeking to keep the awards themselves sealed but recommending unsealing an email that reveals a portion of the XOL award. (Exhibit I to the Miletic Declaration.) Global's assertion that "[t]he exhibit in question does not disclose the content of the awards" is incorrect. The document in question discloses that the XOL award provided that, as part of the award, Argonaut was given the option to pay Global an amount specified in a particular paragraph of that award. It thus, undeniably, disclosed a portion of the content of one of the awards. However, Global did not seek to have this portion sealed, as it apparently believes that the email creates the perception favorable to Global, as Argonaut elected to pay that amount.

### VI.    Global's Argument Regarding The Scope Of The Confidentiality Orders Is Misplaced

Global argues that the Confidentiality Orders in the two arbitrations prevent Argonaut from even raising the argument that Global's submissions on sealing did not meet the standards required by the applicable law for the language of the awards to remain under seal. (Global Opposition at pp. 8-9.) The Confidentiality Orders

6

themselves recognize that once there is litigation involving the arbitration, it is the courts who will make the decision regarding what, if anything, in their record should be sealed. (See, e.g., Confidentiality Order in XOL arbitration, Miletic Declaration in No. 07-CV-8196, Ex. G, ¶3 -- sealing is "subject to court approval".)  *See also* April 24, 2005 Order in *Employers' Commercial Union v. Global Reinsurance Corporation, U.S. Branch*, No. 05 CV 4203 (S.D.N.Y.) in which the court unsealed the petition to confirm and attachments, including the arbitration award, on the basis that those documents did not "contain anything of a sensitive nature" and finding that "in light of the presumption that judicial proceedings should be conducted as public proceedings" the petition and attachments should be unsealed.  (For the Court's convenience, a copy of this Order is attached hereto as Tab B.)  That order also relieved the petitioner of complying with certain aspects of the confidentiality order, to the extent that it need not file the petition and award under seal.

The Confidentiality Orders in these arbitrations cannot override the Court's control of its own docket.  Nor do they require that Argonaut forgo its right as a litigant to point out that under the applicable law, Global's submissions do not sustain its request that  portions of the court record remain under seal.

To the extent that Global is attempting to use the Confidentiality Orders to silence Argonaut in these proceedings, neither order was confirmed within the time period applicable under the Federal Arbitration Act.  *See Nationwide Mutual Ins. Co. v. Randall & Quilter Reinsurance Co.*, 2007 U.S. Dist. LEXIS 95953, No. C2-07-120 (January 24, 2007, slip op. at 9).

7

## VII. Conclusion

For the reasons set forth above and in Argonaut's Memorandum of Law in Support of its Motion for Reconsideration, Argonaut respectfully requests that the Court reconsider its Further Order on Sealing and unseal the awards and the redacted portions of the pleadings discussing same.

Dated:  April 3, 2008

Respectfully submitted,

_____s/_____

THERESA W. HAJOST
(Admitted pro hac vice)
HALLORAN & SAGE, LLP
1730 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
(202) 496-9270
(202) 496-9279 (Fax)
hajost@halloran-sage.com

and

DAN E. LABELLE, DL2779
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855
(203) 227-6992 (Fax)
labelle@halloran-sage.com

Attorneys for Argonaut Insurance Company

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2008, a copy of the forgoing Reply Brief in Support of Motion for Reconsideration was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system. I will also send an electronic copy of this filing to counsel for Global via email.

                                _____s/_____

                                THERESA W. HAJOST
                                (Admitted pro hac vice)
                                HALLORAN & SAGE, LLP
                                1730 Pennsylvania Avenue, N.W.
                                Suite 800
                                Washington, DC 20006
                                (202) 496-9270
                                (202) 496-9279 (Fax)
                                hajost@halloran-sage.com