# EXHIBIT I

| | |
|---|---|
| In the Matter of the Arbitration Between | : |
| GLOBAL REINSURANCE CORP. - U.S. BRANCH f/k/a GERLING GLOBAL REINSURANCE CORP - U.S. BRANCH, | : James J. Phair, Umpire<br>: Richard L. White, Arbitrator<br>: Paul C. Thomson, III, Arbitrator |
| Petitioner, | : |
| - and - | : |
| ARGONAUT INSURANCE COMPANY, | : |
| Respondent. | : |

## CONFIDENTIALITY AGREEMENT

1.  The parties intending to be bound by this agreement are:

    a. GLOBAL REINSURANCE CORP - U.S. BRANCH, f/k/a GERLING GLOBAL REINSURANCE CORP. - U.S. BRANCH ("GLOBAL"), and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

    b. ARGONAUT INSURANCE COMPANY ("ARGONAUT") and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

2.  Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, GLOBAL and ARGONAUT agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3.  Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain compliance with any interim decisions or the final award herein, or to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award; (c) as is necessary in communications with auditors retained by any party, or federal or state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of any court; and (e) to the extent Arbitration Information is already lawfully in the public domain. Any disclosures pursuant to subparagraphs (a) or (c) shall be accompanied by a copy of this

Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other(s) as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

    a. the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;

    b. counsel for a party or employees of counsel's law firm who are assisting counsel;

    c. employees and agents of the parties for purposes consistent with this agreement;

    d. an y party's deposition or trial witness;

    e. any person retained by counsel for a party to assist in this arbitration; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A; or

    f. any non-party deposition or trial witness; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A.

5. If a party is requested or required to disclose Arbitration Information, subject to applicable legal restrictions, that Party will: 1) notify the other party(ies) in writing as soon as possible after the subpoena, request or court order is received, to permit the other party(ies) to seek legal protection against any such disclosure; and 2) tender the defense of that demand to the party that produced the Arbitration Information, or permit that party to associate in the defense of that demand. Unless the demand has been timely limited, quashed or extended, the obligated party will thereafter be entitled to comply with such demand, request or court order to the extent required by law. If requested by any other party(ies), the obligated party will cooperate (at the expense of the requesting other party(ies)) in the defense of a demand.

6. The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another

party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

Members of the Panel:

Arbitrator: _____

Arbitrator: _____

Umpire: _____

AGREED:

Arbitrator: _/s/ Paul Thomas_____

Arbitrator: _/s/ R. Walett_____

Umpire: _/s/ James J. Phair_____

AGREED: _/s/_____ for __Global_____ Petitioner

_/s/_____ for __Arjomandi. G.__ Respondent

Dated: __May 17, 2006__

3

EXHIBIT A

In the Matter of the Arbitration Between :

GLOBAL REINSURANCE CORP. - : James J. Phair, Umpire
U.S. BRANCH f/k/a GERLING : Richard L. White, Arbitrator
GLOBAL REINSURANCE CORP - : Paul C. Thomson, III, Arbitrator
U.S. BRANCH,

                     Petitioner,

        - and -

ARGONAUT INSURANCE COMPANY,

                     Respondent.

AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____

2. I am employed as (position) by (name and address of employer), _____

3. I am aware that the parties to In the Matter of the Arbitration Between GLOBAL REINSURANCE CORP - U.S. BRANCH, f/k/a GERLING GLOBAL REINSURANCE CORP. - U.S. BRANCH ("GLOBAL"), ARGONAUT INSURANCE COMPANY ("ARGONAUT") have entered into a Confidentiality Agreement dated _____. I have received and read a copy of that Confidentiality Agreement.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____ only under supervision of a party's counsel and only in connection with this particular arbitration.

5. I agree that I am bound by the terms of the Confidentiality Agreement as though I were a party to the arbitration, and I will not disclose or discuss material produced by _____

or _____
to or with any person other than those permitted access to such material under the Confidentiality Agreement.

(Signature)_____

Sworn to before me this
\_\_\_\_ day of _____, 20\_\_\_.


_____
Notary Public (SEAL)


596580.W

# EXHIBIT J

**From:** phairglobal <phairglobal@earthlink.net>
**To:** Schiavone <jschiavone@budd-larner.com>, Hajost <Hajost@halloran-sage.com>, Leonard <jleonard@budd-larner.com>, Pallotto <Vpallotto@budd-larner.com>, blumenthal <blumenthal@halloran-sage.com>, Thomson <reassess@verizon.net>, White <deputy@iicil.org>
**Date:** 5/23/2007 1:40:03 PM
**Subject:** Global v. Argonaut (Hartford/First State)

Counsel:

Attached is the Panel's Final Award in this arbitration.

Regards,

Jim Phair

In the Matter of the Arbitration Between:

| | |
|---|---|
| GLOBAL REINSURANCE CORP. –<br>U.S. BRANCH, f/k/a GERLING GLOBAL<br>REINSURANCE CORP. – U.S. BRANCH<br>　　　　　Petitioner,<br><br>-against-<br><br>ARGONAUT INSURANCE COMPANY,<br>　　　　　Respondent. | James J. Phair, Umpire<br>Paul C. Thomson, III, Arbitrator<br>Richard L. White, Arbitrator<br><br>(USB – Hartford/First State Arbitration) |

## FINAL AWARD

The Panel, having conducted an evidentiary hearing and having duly considered all of the written evidence and sworn testimony, the briefs of the Parties and the arguments of counsel and the record in this arbitration, and having deliberated, hereby orders:

1. The commutation payments Global seeks to cede to Argonaut are not claims, losses or settlements within the terms, limits and conditions of the Retrocessional Contracts at issue in this arbitration and, as such, Argonaut is not required to pay the ceded commutation amounts sought by Global;

2. The Retrocessional Contracts, pursuant to the terms, limits and conditions of each, cover losses arising from claims as paid ("Paid Claims") by Hartford Group Company ("Hartford") cedents and ceded to Global;

3. Global may bill Argonaut on a going-forward basis for Paid Claims and Global will not be required to pay any additional amounts to Hartford in order to bill Argonaut for Paid Claims;

4. Global is charged with the duty and ordered to act, pursuant to the terms and conditions of the October 25, 2004 REINSURANCE COMMUTATION AND SETTLEMENT AGREEMENT entered into between GLOBAL and HARTFORD, the "Parties" to that AGREEMENT, and to cause HARTFORD:

    9. (a) "… to use best efforts to provide GLOBAL with any and all documentation (in both paper and or computer/electronic formats) (i) relating to the Reinsurance Agreements (including claims, underwriting and accounting files), and (ii) in HARTFORD's possession or control (including in the possession or control of its agents or counsel), requested by GLOBAL, acting reasonably and in good faith, in its sole discretion, deems necessary or advisable in connection with any retrocessional billing or collection activities;" and

(b) "... to use its best efforts to allow access to GLOBAL, upon reasonable notice, to inspect and make copies (at GLOBAL's sole expense) of any documentation requested by GLOBAL from time to time that GLOBAL, acting reasonably and in good faith, and in its sole discretion, deems necessary or advisable in connection with any billing or collection activities with retrocessionaires."

5. Argonaut is ordered to pay such ceded Paid Claims' billings in accordance with the terms, limits and conditions of the Retrocessional Contracts, it being the intention of this Award that Argonaut's liabilities are not to be accelerated but paid if and when such liabilities develop over time;

6. Within 30 days of the issuance of this Final Award, the Parties are ordered to meet and confer and to submit to this Panel, for its consideration and further action, a written dispute mechanism and protocol for the resolution of any dispute(s) that may arise out of the application of this arbitration's Final Award;

7. If the Parties fail to agree on such a written dispute mechanism and protocol, the Panel will take up that task and this Final Award will be supplemented by the Panel's issuance of an order setting forth a dispute resolution mechanism and Protocol;

8. This Final Award shall take effect in 30 days;

9. The Panel will remain duly constituted until such time as a written dispute mechanism and protocol for the resolution of any dispute(s) that may arise out of the application of this Final Award is acted upon by the Panel;

10. Before this Final Award takes effect, Argonaut may accept and pay the commutation balances, without interest, as billed by Global;

11. Prohibitions on ex parte communications between the Parties and its respective arbitrators is hereby lifted as of the issuance date of this Final Award; and

12. All other requests for relief are denied.

Dated this 23rd day of May, 2007.


__James J. Phair_____

James J Phair, As Umpire for the Panel

# EXHIBIT K

**From:** phairglobal <phairglobal@earthlink.net>
**To:** Hajost <Hajost@halloran-sage.com>, Leonard <jleonard@budd-larner.com>, Schiavone <jschiavone@budd-larner.com>, blumenthal <blumenthal@halloran-sage.com>, White <deputy@iicil.org>, Thomson <reassess@verizon.net>
**Date:** 6/27/2007 10:43:12 AM
**Subject:** Global/USB v. Argonaut

The time established in the Final Award for the parties to reach agreement on a dispute resolution mechanism and protocol to resolve any dispute(s) that may arise out of the application of the Final Award having passed and with no agreement having been reached between the parties, the Panel, as provided for in the Final Award, has adopted the attached dispute resolution mechanism. This supplemental order is made part of the panel's May 23, 2007 Final Award.

On behalf of the Panel.

Jim Phair

Jim Phair

In the Matter of the Arbitration Between:

| | |
|---|---|
| GLOBAL REINSURANCE CORP. -<br>U.S. BRANCH, f/k/a GERLING GLOBAL<br>REINSURANCE CORP. – U.S. BRANCH<br>           Petitioner,<br><br>-against-<br><br>ARGONAUT INSURANCE COMPANY,<br>           Respondent. | James J. Phair, Umpire<br>Paul C. Thomson, III, Arbitrator<br>Richard L. White, Arbitrator<br><br>(USB – Hartford/First State Arbitration) |

SUPPLEMENTAL ORDER SETTING FORTH THE DISPUTE RESOLUTION
MECHANISM AND PROTOCOL TO THE PANEL'S MAY 23, 2007 FINAL AWARD

As stated in paragraphs 6 and 7 in the Panel's May 23, 2007 Final Award ("Final Award") the Parties were ordered to meet and confer for the purpose of reaching agreement on a dispute resolution mechanism and protocol to resolve any dispute(s) that may arise out of the application of the Final Award issued in this arbitration. With the time established to accomplish this process having passed and with no agreement having been reached between the Parties, the Panel, as provided for in the Final Award, has adopted the following dispute resolution mechanism:

All disputes that arise out of the application of this arbitration's Final Award, including but not limited to any disputes in connection with on-going billings pursuant to the Final Award and the Parties' respective rights and obligations under that Final Award, will be submitted to this Panel for consideration and resolution. This Panel shall remain in place, vested with the duties, responsibilities, and powers granted to it at the organizational meeting held at the commencement of this arbitration, for a twelve-month period commencing with the effective date of the Final Award. At the end of that twelve-month period the Panel will make an assessment and determine whether the Panel will retain jurisdiction for an additional period of time or conclude this arbitration.

Either party may submit a written claim-specific or claims-specific dispute submission to the Panel. The opposing party shall have 10 business days to respond and the demanding party shall have 5 business days to reply. Discovery shall not be allowed unless the Panel so orders. Either party may ask the Panel for leave to present oral argument, which, if granted will take place as ordered by the Panel. Strict rules of law will not apply, and the Panel decision will be binding pursuant to the Final Award.

The Panel will continue to be compensated for their service, if any, based upon their current agreements with the parties.

As provided by the Final Award, this Supplemental Order is included as part of that Final Award.

On behalf of the Panel

____James j. Phair___

James J Phair, As Umpire for the Panel

June 27, 2007